UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | CRIMINAL NO. 03-10399-WGY |
| DIANE C. REED | ) | |
|     Defendant | ) | |
| | ) | |

### GOVERNMENT'S MOTION FOR A DOWNWARD DEPARTURE AND SENTENCING RECOMMENDATION

The United States respectfully moves, pursuant to Section 5K1.1 of the United States Sentencing Guidelines, that the Court impose a sentence below the level otherwise established by the Federal Sentencing Guidelines in this case, so as to reflect the defendant Diane Reed's substantial assistance in the investigation and prosecution of another person who committed criminal offenses. For reasons noted below, the government submits that the defendant has provided substantial assistance warranting a downward departure from her applicable, advisory guidelines sentencing range of 4 to 10 months under the Federal Sentencing Guidelines. The government recommends, based on the defendant's substantial assistance and in accordance with the plea agreement signed by the parties, that the defendant be sentenced to a period of unsupervised probation for one year and a $200 mandatory special assessment fee. This is a one level departure from the applicable guidelines range, and it is appropriate and reasonable given the extent, value and timeliness of the defendant's substantial assistance.

In support of this recommendation, the government submits that Mrs. Reed substantially assisted law enforcement authorities when she was first approached by Special Agents of the Internal Revenue Service ("IRS"), voluntarily agreeing to an interview and then assisting in the investigation. During her first meeting with government authorities, Mrs. Reed gave a complete and truthful proffer to the government, admitting her criminal conduct, and providing incriminating evidence against the mastermind of an extensive tax evasion scheme, George Schussel ("Schussel"), her former employer and owner of Digital Consulting, Inc. ("DCI").[1] During the proffer session, Mrs. Reed, who had been the controller at DCI, provided credible and crucial evidence against Schussel regarding his diversion of millions of dollars to an account he controlled in Bermuda to avoid paying taxes.[2] After the first proffer session, Mrs. Reed met several times with investigators to review voluminous documents and to assist in the investigation.

In addition to meeting with the government on numerous occasions, Mrs. Reed testified under oath, in two proceedings prior to trial, including an evidentiary hearing relating to motions to suppress evidence allegedly protected by the attorney-client

---

[1] After a jury trial, Schussel was convicted on January 25, 2007 of conspiracy and tax evasion.

[2] Mrs. Reed also provided incriminating evidence against Ronald Gomes, the former President of DCI, who also cooperated in the investigation of Schussel and has since pled guilty before Judge Nancy Gertner.

privilege. Mrs. Reed assisted the government in establishing the crime-fraud exception regarding documents that were the subject of motions to suppress. These documents were instrumental at the trial of Schussel. More importantly, Mrs. Reed testified at the trial for four days. Prior to her testimony, she met with the government to prepare and review numerous documents that were introduced into evidence at trial. Her testimony was essential to the government's case given that as the former controller for DCI and Schussel's right hand person for 18 years, she was able to establish his tax evasion scheme and continued efforts by Schussel to conceal the scheme throughout the conspiracy which lasted from 1988 through 1998. Mrs. Reed's truthful, accurate, and complete testimony at trial was crucial in obtaining the guilty verdict against Schussel.

Throughout the investigation and at various stages during which she testified, Mrs. Reed was always forthcoming, accepting of her role in the offense conduct, and genuinely remorseful for what she had done. Despite the millions of dollars that Schussel had diverted to Bermuda to avoid paying both corporate and personal taxes, Mrs. Reed did not receive any portion of the money diverted to Bermuda. The amount of unreported income which she received, which caused a tax loss of approximately $18,066.00, has since been completely paid to the IRS, including interest and penalties.

The quantum of departure that the government recommends is not

substantial but allows for a probationary sentence. This recommendation reflects the government's assessment of the quantity and quality of Mrs. Reed's assistance. It takes into account the fact that her cooperation resulted in the government's successful prosecution of Schussel, a sophisticated and successful businessman who avoided paying millions of dollars to the IRS. Additionally, it is important to note that in comparison to the criminal conduct of the other defendants in related cases (Schussel and Gomes), Mrs. Reed's financial benefit was significantly less. In all, Mrs. Reed accepted responsibility early on, was extremely cooperative throughout, and she played a critical role in bringing the prosecution of Schussel to a successful conclusion.

    For all of the foregoing reasons, the government respectfully requests this Court to allow the government's motion for a downward departure and to adopt the recommended sentence.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              UNITED STATES ATTORNEY

                By:    /s/ Carmen M. Ortiz
                       CARMEN M. ORTIZ
                       Assistant U.S. Attorney

Date: February 5, 2007